<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| REYNALDO MENDEZ, | |
| **Plaintiff,** | **Civil Action No. 14-7543 (ES)** |
| v. | **OPINION** |
| PORT AUTHORITY OF NEW YORK AND NEW JERSEY, et al. | |
| **Defendants.** | |

SALAS, DISTRICT JUDGE

This matter comes before the Court on Defendants' motion to dismiss Plaintiff Reynaldo

Mendez's Complaint. (D.E. No. 7). The Court has considered the parties' submissions in support

of and in opposition to the instant motion and decides the matter without oral argument pursuant

to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court grants

Defendants' motion to dismiss without prejudice to Plaintiff's right to file an amended complaint.

**I.     Factual and Procedural Background**

Plaintiff Reynaldo Mendez has been a sergeant in the Port Authority Police Department

("PAPD") since July 2008. (D.E. No. 1, Complaint ("Compl.") ¶ 32). On September 16, 2011, a

promotion evaluation announcement for the rank of lieutenant was issued. (*Id.* ¶ 44). Pursuant to

the promotion announcement, Plaintiff took a written promotion exam on October 22, 2011. (*Id.*

¶ 48). Plaintiff passed and was accordingly placed on the Police Lieutenant Horizontal Roster

("the horizontal roster"). (*Id.* ¶ 51). Officers placed on the horizontal roster were eligible to

proceed to the next phase of the promotional process, which included "evaluation by PAPD's

Promotion Review Board and a Qualifications Review Meeting with a rotating three-person panel

of members from the Public Safety and Human Resources Departments." (*Id.* ¶ 52). Plaintiff alleges that everyone on the horizontal roster except Plaintiff received Qualification Review Meetings. (*Id.* ¶ 67). Plaintiff was not promoted under the September 16, 2011 promotion announcement. (*Id.* ¶ 69).

On November 9, 2012, another promotion announcement was issued for the rank of lieutenant. (*Id.* ¶ 70). Plaintiff alleges that the new promotion announcement violated a PAPD policy or custom "whereby the horizontal roster would remain in effect for 2-3 years prior to the issuance of a new promotional examination." (*Id.* ¶ 71, 119). Plaintiff remained on the horizontal roster and was provided a Qualifications Review Meeting, (*id.* ¶ 77), but was not promoted pursuant to the November 9, 2012 promotion announcement, (*id.* ¶ 85). On October 11, 2013, another promotion announcement was issued, (*id.* ¶ 86), and Plaintiff remained on the horizontal roster, (*id.* ¶ 88-89). Plaintiff received a Qualifications Review Meeting, but his results were never published. (*Id.* ¶ 97-98). Plaintiff alleges that other candidates received notification of their Qualification Review Meeting results, though Plaintiff did not. (*Id.* ¶ 127). On August 29, 2014, another promotion announcement was issued; as of the date of the Complaint, however, an amended horizontal roster had not yet been announced. (*Id.* ¶ 122). Accordingly, Plaintiff remains a sergeant in PAPD and has not been promoted to lieutenant. (*Id.* ¶123).

Plaintiff alleges that he was deprived of the opportunity for a promotion to lieutenant because the promotional procedure "was tainted by nepotism, cronyism, and unlawful practices." (*Id.* ¶ 129). Specifically, Plaintiff alleges that officers who were not eligible for promotion were nevertheless promoted due to "contacts being made by influential people" on behalf of those officers. (*Id.* ¶ 139-141). As a result of these and other actions, Plaintiff alleges that Defendants

have violated Plaintiff's protected property interests in certain aspects of the promotional procedure. (*Id.* ¶ 152).

Plaintiff filed the instant Complaint with this Court on December 3, 2014, alleging breach of contract and violation of Plaintiff's Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983. (D.E. No. 1). Defendants subsequently moved to dismiss the Complaint on March 16, 2015. (D.E. No. 7-19, Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint ("Def. Mov. Br.")). Plaintiff opposed the motion on April 29, 2015. (D.E. No. 12, Plaintiff's Response to Defendants' Motion to Dismiss ("Pl. Opp. Br.")). Defendants replied on May 11, 2015. (D.E. No. 13, Memorandum of Law in Further Support of Defendants' Motion to Dismiss the Complaint ("Def. Rep. Br."). On December 15, 2015, Plaintiff submitted copies of the employment agreement [1] and promotion announcements which were referenced in the Complaint. (D.E. No. 21-1, Memorandum of Agreement ("MOA"); D.E. No. 21-2, Supplemental Submission[2] ("Suppl.")). The matter is now ripe for resolution.

## II.    Legal Standards

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must "give the defendant fair notice of what the claim is and the grounds upon which it

---

[1] Throughout the Complaint, Plaintiff refers to the relevant employment agreement as the "Collective Bargaining Agreement." (*See, e.g.*, Compl. ¶¶ 140, 144). However, the actual employment agreement which Plaintiff submitted in support of the Complaint is labelled "Memorandum of Agreement," and Defendants' certification submitted along with their moving brief supports the notion that this Memorandum of Agreement is in fact the operative employment agreement referenced in the Complaint. (*See* D.E. No. 7-1, Certification of Rosanne Facchini, Esq., at 1). Accordingly, in this Opinion, the Court refers to the employment agreement as the "Memorandum of Agreement" or "MOA."

[2] The Court notes that this submission contains multiple documents, including "Promotion Evaluation Announcements" dated September 2011, November 2012, and October 2013; and "Police Lieutenant Promotional Opportunities" dated February 2012, June 2013, January 2014, and June 2014. The Court will refer to each document by the consecutive page number of the combined submission, ranging from one to fifty-four.

rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks and alterations omitted).  Although the pleading standard announced by Rule 8 does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For a complaint to survive dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Additionally, a district court deciding a motion to dismiss generally does not consider materials beyond the pleadings.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605

F.3d 223, 230 (3d Cir. 2011).  An "exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment."  *In re Burlington Coat Factory*, 114 F.3d at 1426 (alteration in the original and internal quotation marks omitted).  "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."  *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile."  *Phillips*, 515 F.3d at 245.

## III.   Discussion

### A.  Breach of Contract

Count III of the Complaint alleges breach of contract deriving from Defendants' failure to follow provisions of the MOA regarding the lieutenant promotional procedure.  (Compl. ¶¶ 185-190).  Defendants argue that Count III should be dismissed for failure to exhaust the MOA's remediation procedures prior to bringing the claim in district court.  (Def. Mov. Br. at 17-19).

Where an employee brings a claim against his employer for breach of an employment agreement, "it is settled that the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement" prior to bringing the claim in federal court. *Vaca v. Sipes*, 386 U.S. 171, 184 (1967).  However, courts have established several exceptions to the exhaustion requirement, including where (1) resorting to the grievance procedure would be futile, (2) the employer repudiated the collective bargaining agreement, or (3) the union breached its duty of fair representation, *i.e.*, arbitrarily refusing or perfunctorily handling the

5

grievance.  *Hendricks v. Edgewater Steel Co.*, 898 F.2d 385, 388 (3d Cir. 1990) (citing *Vaca*, 386 U.S. at 187).   Defendants cite *Vaca* for the additional proposition that courts may excuse a plaintiff's failure to exhaust "where the jurisdiction of the administrative tribunal is doubtful." (Def. Mov. Br. at 17 (citing *Vaca*, 386 U.S. at 185)).   Without a finding that the plaintiff employee's situation falls into one of these categories, the employee's breach of contract claim is barred by his failure to exhaust the employment agreement's mandatory grievance procedures. *Hendricks*, 898 F.2d at 388.

In arguing that Plaintiff failed to exhaust available grievance procedures, Defendants point to paragraph VI of Appendix J of the MOA, which states that "[a] charge that the Port Authority has violated a procedural matter in this promotion evaluation procedure shall be submitted to the Port Authority Employment Relations Panel for an expedited determination."  (MOA at 232; Def. Mov. Br. at 17-19).   Defendants note that the Complaint contains no allegations that Plaintiff attempted to make use of this procedure, and the Court agrees.

Plaintiff presents several arguments supporting the contention that his failure to exhaust available grievance procedures should be excused.  First, Plaintiff argues that exhaustion would be futile because "no adequate remedies are available."  (Pl. Opp. Br. at 31).  In support, Plaintiff notes that section XXII and paragraph V of Appendix J of the MOA "clearly state that the grievance-arbitration procedure provided for in the MOA is not applicable to the Police Lieutenant Promotion Procedure."  (*Id.*).

But, as defendants correctly note, (Def. Mov. Br. at 18-19), Plaintiff's argument appears to wholly ignore paragraph VI of Appendix J, of the MOA, which sets out a separate avenue to address violations of certain procedural matters through the Port Authority Employment Relations Panel.  As noted above, paragraph VI of Appendix J of the MOA indicates that the panel is

6

available to consider a charge—such as Plaintiff's—alleging that PAPD violated its promotion procedures.  (*See* MOA at 232).  Thus, despite Plaintiff's contentions, the MOA does appear to provide for a remedial procedure that is available to challenge aspects of the lieutenant promotional procedure.  Accordingly, Plaintiff's futility argument fails.

Next, Plaintiff argues that, while the MOA may provide certain appeal rights, at least one of the promotion evaluation announcements[3] "repudiates any right to appeal any portion of the exam past the written portion.  By the plain language of the exam announcement, no appeal rights are available to the Plaintiff after the written test phase."  (Pl. Opp. Br. at 31).  In making this argument, Plaintiff appears to be referencing paragraph nine of the promotion evaluation announcement, which provides for an Appeal Board that "will act as the sole and final administrative appeal forum with respect to those matters within its jurisdiction which is limited to appeals from the written test as set forth below."  (Suppl. at 45).

However, the Court notes that this same section of the promotion mvaluation announcement further provides that "only those written test participants who <u>DO</u> <u>NOT</u> achieve a passing score on the written test will be permitted to submit a written test appeal and have the right to be shown and obtain a copy of questions the participant answered incorrectly on the written test and the answers."  (*Id.*).  Thus, this provision explicitly limits the jurisdiction of the Appeal Board to complaints brought by promotion candidates who fail the written test and believe the test was graded in error.

Here, Plaintiff passed the written exam and was accordingly placed on the horizontal roster.  (Compl. ¶ 51).  Because the Appeal Board's jurisdiction is limited to hearing appeals regarding

---

[3] Plaintiff's brief specifically references the "2015 promotional announcement."  (Pl. Opp. Br. at 31).  However, the most recent promotion announcement submitted by Plaintiff is dated August 2014, and the Complaint does not reference such a 2015 announcement.  Because of this, the Court interprets Plaintiff's citation to the "2015 promotional announcement" as referring to the announcement dated August 2014.

*failed* examinations, the Court agrees that Plaintiff was not eligible to file an appeal with the Appeal Board.  The Court further agrees that, as noted above, Plaintiff was not eligible for the "grievance-arbitration procedure" pursuant to paragraph V, Appendix J of the MOA, which clearly states that this procedure is "not applicable to [the] promotion evaluation procedure, in whole or in part, or to the implementation thereof."  (MOA at 232).

Despite the fact that Plaintiff was ineligible to appeal to the Appeals Board, (Suppl. at 45), and was ineligible to participate in the grievance-arbitration procedure, (MOA at 232), he nevertheless *was* eligible to submit "a charge that the Port Authority has violated a procedural matter in [the] promotion evaluation procedure" to the Port Authority Employment Relations Panel.  (MOA at 232).  There is no suggestion that paragraph V of the MOA or paragraph nine of the promotion announcements limit the applicability of the Port Authority Employment Relations Panel to Plaintiff's situation, and Plaintiff's brief provides no support for this position.  Indeed, as noted above, Plaintiff's brief wholly ignores the existence of the Port Authority Employment Relations Panel as set out in paragraph VI of the MOA.  For that reason, Plaintiff's repudiation argument fails.

Furthermore, while the Court would be hesitant to require a plaintiff to make use of a contract-based appeals or grievance procedure where the jurisdiction of the grievance forum is in doubt, the Court notes that the Port Authority Employment Relations Panel's jurisdiction to hear employee complaints is well established.  The Port Authority Employment Relations Panel was established by resolution of the Port Authority of New York and New Jersey adopted September 29, 1976, and its authority is codified in New Jersey law by N.J.S.A. § 32:1-175.  *See In re Alleged Improper Practice Under Section XI, Paragraph A(d) of the Port Auth.  Labor Relations Instruction*, 194 N.J. 314, 327 (2008).  N.J.S.A. § 32:1-175 also provides for several avenues of

appeal from a decision of the Port Authority Employment Relations Panel, including that such decisions "shall be . . . reviewable . . . by action in lieu of prerogative writ[s]" brought in the Law Division, Civil Part, of New Jersey Superior Court.  N.J.S.A. § 32:1-175; N.J. Ct. R. 4:69-1.  The Court thus has no reason to question the jurisdiction of the panel to hear grievances such as those of Plaintiff in this case.

Based on this analysis, the Court concludes that Plaintiff has failed to meet any of the exceptions to the rule requiring an attempt to exhaust grievance procedures available under the employment agreement prior to bringing a claim for breach of that contract in District Court. *Hendricks*, 898 F.2d at 388*.*  Accordingly, Count III is dismissed.

### B.  Due Process Violation Under 42 U.S.C. § 1983

Counts I and II of the Complaint allege a violation of Plaintiff's Fourteenth Amendment substantive and procedural due process rights under 42 U.S.C. § 1983, arising from Defendants' alleged failure to follow certain promotional procedures set out in the MOA and various promotional evaluation announcements.  (Compl. ¶¶ 154-184).[4]  To state a claim under § 1983, "the plaintiff must demonstrate that a person acting under color of law deprived him of a federal right."  *Berg v. Cty. of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000).  Thus, in order to determine

---

[4] While Counts I and II are both brought under 42 U.S.C. § 1983, Count II appears to separately allege *Monell* liability against the municipal defendant based on the same underlying due process violations alleged in Count I.  (*See, e.g.*, Pl. Opp. Br. at 27-30 (citing *Monell* caselaw)).  Under *Monell*, "a municipality may incur liability under § 1983 only when its policy or custom causes a particular constitutional violation." *Marable v. W. Pottsgrove Twp.*, 176 F. App'x 275, 282-83 (3d Cir. 2006).  In determining *Monell* liability, courts will determine first whether a constitutional injury occurred, and second, whether the injury resulted from a "policy or custom" of the municipal defendant.  *Id.* at 283.

Accordingly, the Court's analysis of both Counts I and II turns on whether Plaintiff has sufficiently alleged the underlying violation of his Fourteenth Amendment due process rights.  *See id.*  The Court need not determine the existence of a "policy or custom" of due process violations, because, as discussed below, the Court finds that Plaintiff fails to sufficiently allege that a due process violation occurred in the first instance.

whether a federal right has been violated, a court must "identify the exact contours of the underlying right said to have been violated." *Id.*

To prevail on either a substantive or procedural due process claim challenging a state actor's conduct, "a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies." *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 139-140 (3d Cir. 2000); *see also Hill v. Borough of Kutztown*, 455 F.3d 225, 235 (3d Cir. 2006). Defendants argue that Plaintiff's substantive and procedural due process claims must each be dismissed for failure to sufficiently allege a violation of a federally protected property interest. (Def. Mov. Br. at 15). The Court will address the sufficiency of Plaintiff's substantive and procedural due process claims separately below.

### 1.   Procedural Due Process

In order to state a claim for procedural due process violations under 42 U.S.C. § 1983, a plaintiff must show that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to [the plaintiff] did not provide "due process of law." *Eggert v. Bethea*, No. 14-2075, 2015 WL 5049823, at *2 (3d Cir. Aug. 27, 2015) (citing *Hill*, 455 F.3d at 234). Defendants argue that Plaintiff's procedural due process claims should be dismissed for failure to meet the first element—namely, that "plaintiff fails to allege a deprivation of a federally protected right." (Def. Mov. Br. at 15).

Plaintiff alleges a protected property interest in several aspects of PAPD's lieutenant promotional process. (Compl. ¶ 152). To have a protected property interest in an employment benefit, "a person must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim for entitlement to it." *Bd.*

*of Regents of State Coll. v. Roth*, 408 U.S. 564, 577 (1972). "Legitimate claims of entitlement may be created expressly by state statute or regulation or may arise from government policies or 'mutually explicit understanding' between a government employer and employee." *Newark Branch, N. A. A. C. P. v. Town of Harrison*, 940 F.2d 792, 809 (3d Cir. 1991) (quoting *Perry v. Sinderman*, 408 U.S. 593, 601-02 (1972)). Such mutually explicit understandings may be established in part by provisions of employment contracts, and "may be supplemented by other agreements implied from [a party's] words and conduct in the light of the surrounding circumstances." *Perry*, 408 U.S. 593, 602.

However, courts have held that the mere presence of a procedural requirement in an employment contract "ordinarily does not transform a unilateral expectation into a constitutionally protected property interest." *Clemente v. United States*, 766 F.2d 1358, 1365 (9th Cir. 1985); *see also McMenemy v. City of Rochester*, 241 F.3d 279, 288 (2d Cir. 2001). Rather,

> A constitutionally protected interest has been created only if the procedural requirements are intended to be a significant substantive restriction on decision making. If the procedures required pose no significant limitation on the discretion of the decision maker, the expectation of a specific decision is not enhanced enough to establish a constitutionally protected interest in the procedures.

*Clemente*, 766 F.2d at 1365 (internal quotation marks omitted). Thus, the determination of whether a provision of an employment contract creates a constitutionally protected property right revolves around whether the procedure was "intended to be a significant and substantive restriction on the discretion of [the employer]." *Varma v. Bloustein*, 721 F. Supp. 66, 68 (D.N.J.) *aff'd sub nom. Rutgers Council of AAUP Chapters v. Bloustein*, 860 F.2d 1075 (3d Cir.), *and aff'd*, 860 F.2d 1077 (3d Cir.), *and aff'd sub nom. Appeal of Varma*, 860 F.2d 1077 (3d Cir. 1988).

Additionally, courts have refused to find protected property interests in particular provisions of employment contracts where those provisions were too "loose," "vague," or

11

"abstract" to substantively restrict the employer's discretion.  *See Campbell v. City of Champaign*, 940 F.2d 1111, 1112-13 (7th Cir. 1991) (holding that an employer's "commitment to 'progressive disciplinary action' is too loose and vague to confer a legally enforceable right to such progressivity"); *see also Teigen v. Renfrow*, 511 F.3d 1072, 1081 (10th Cir. 2007).

In this case, Plaintiff alleges that he possesses

> a property right to his continued employment and its prerequisites, including, but not limited to, a fair and impartial promotional process, the right to appeal and have a hearing, the right to be fairly considered for promotion based on merit and fitness and to not be denied promotion based on decisions made arbitrarily and capriciously.

(Compl. ¶ 152).  The separately alleged property interests in (1) a "fair and impartial promotional process," (2) being "fairly considered for promotion based on merit and fitness," and (3) not being "denied a promotion based on decisions made arbitrarily and capriciously" appear to be duplicative of one another, and the Court is unable to discern a meaningful distinction between them.  (*See id.*).  Therefore, the Court construes the Complaint to be asserting two independent property interests: "the right to be fairly considered for promotion based on merit and fitness" and "the right to appeal and have a hearing."  (*Id.*).  The Court will separately address whether the first element of a procedural due process claim has been met with respect to each alleged property interest.

### a.  The Right to Be Fairly Considered for Promotion Based on Merit and Fitness

Plaintiff argues that language contained in the MOA and promotion evaluation announcements "constitutes a protected property right of Plaintiff to be considered fairly and to have said criteria uniformly applied to all candidates."  (Pl. Opp. Br. at 23).  Specifically, Plaintiff

points to paragraph eleven of the October 11, 2014 promotion evaluation announcement, which

sets forth specific criteria for promotion eligibility.  (*Id.*).[5]  Paragraph eleven states:

> Candidates who pass the written test shall be placed on a horizontal roster of those
> eligible to be considered for promotion to the position of Police Lieutenant.  The
> selection of individuals for promotion to Police Lieutenant shall be made by the
> Superintendent of Police from among the individuals whose names are on the
> horizontal roster.  All candidates on the horizontal roster will be reviewed on the
> criteria identified in the attached Promotion/Development Appraisal.  Candidates
> who meet <u>all</u> promotional screening criteria may be eligible for further
> consideration as Police Lieutenant promotional opportunities arise.

(Suppl. at 46).  Plaintiff is effectively asking the Court to read this provision as a general

requirement on PAPD to conduct its evaluation process "fairly" based on "uniformly applied"

criteria.  (Pl. Opp. Br. at 23).

However, this provision cannot serve as the basis of a federally protected property interest

in the general fairness of PAPD's promotion process.  In arriving at this conclusion, the Court

looks to *Kaminski v. Twp. of Toms River*, 595 F. App'x 122 (3d Cir. 2014), in which the Third

Circuit declined to find a property interest in similar contractual and statutory provisions under

analogous factual circumstances.  As in this case, the plaintiffs in *Kaminski* were police officers

who successfully passed a promotion exam but were ultimately not selected for promotion by their

municipal employer.  *Id.* at 125-26.  The plaintiffs sued the municipal employer for violation of

their procedural due process rights (among other claims), alleging that they "were deprived of a

fair, transparent promotional process and were arbitrarily denied promotions in violation of due

process."  *Id.* at 124.  Specifically, plaintiffs alleged that they possessed a protected property

interest in a "fair and unbiased promotional examination," and that the municipal employer

violated this interest.  *Id.* at 125.

---

[5] As Plaintiff notes, the MOA appears to incorporate the language of paragraph eleven of the promotion
evaluation announcement by reference.  *See id.*

As authority for this property interest, the *Kaminski* plaintiffs pointed to a state statute requiring the municipal defendant to give "due consideration" to promotional candidates' "length and merit of his service and preference shall be given according to seniority in service." *Id.* at 126 (citing N.J.S.A. 40A:14-129).   The plaintiffs also pointed to a provision of the employment contract between the municipal defendant and their union, which provided for "trained evaluators," "training for evaluators," and "monitoring the evaluation of candidates."  *Id.*

In holding that these provisions did not create a protected property interest in a "fair and unbiased promotion examination", the court noted that

> [t]he statute and ordinance do set out certain requirements, including that merit of service be considered.  But plaintiffs have, without support, extrapolated a general intent that the process be "fair and transparent," and argue from this premise that they have an interest in a host of *other* characteristics that they contend the process requires.  They do not provide authority for why the language in these provisions must be read to include the features they want, or, more generally, for why their expectation that the process would include those features was anything but unilateral.

*Id.*  In conclusion, the court held that these provisions "do not impose general requirements on the [promotional] process beyond what they actually say, and surely do not confer an entitlement to a promotional examination with features amounting to plaintiff's concept of what is 'fair.'"  *Id.*

Here, the Court concludes that paragraph eleven of the promotion evaluation announcement does not establish a protected property interest in the right to "be fairly considered for promotion based on merit and fitness."   While paragraph eleven does set forth some requirements that PAPD must follow in conducting the promotional process, the Court is not convinced by Plaintiff's position that the cited provision must be read to create a general requirement of "fairness" in the promotional process.

In support of his position, Plaintiff cites *Firefighters United For Fairness v. City of Memphis*, 362 F. Supp. 2d 963, 971 (W.D. Tenn. 2005), for the proposition that candidates for

14

promotion may possess a property interest in "a fair and accurate promotional exam" provided by a municipal employer.  (Pl. Opp. Br. at 21).  In *Firefighters*, the court held that the "plaintiffs do have a property interest in the mutually held expectation that their [promotion exams] will be graded fairly and accurately, and that the tests will be a major factor in the City's promotional decisions."  *Firefighters United For Fairness*, 362 F. Supp. 2d at 971.  However, *Firefighters* is distinguishable from the case at bar.  In that case, the municipal employer agreed to maintain specific testing procedures, including videotaping and transcribing interviews, preserving the anonymity of interview graders, and considering candidates' specific concerns with their initial grading.  *Id.* at 967.  Moreover, the court found that the municipal employer "had ensured the reliability of each single assessor's scoring . . . and therefore was certain that the assessor was qualified to render a fair and accurate score."  *Id.*  The court held that the agreement setting out these procedures created a protected property right for the plaintiff employees, and that the violation of these testing procedures would constitute a due process violation.  *Id.* at 971.

In contrast to the specific testing procedures at issue in *Firefighters*, the evaluation procedures cited by Plaintiff in this case—contained in paragraph eleven of the Promotion Evaluation Announcement—create too vague of a restriction to substantively limit PAPD's discretion to choose how to conduct the promotion process.  Although paragraph eleven does set forth guidelines to be utilized by PAPD in making its promotion decisions, it leaves the final promotion decision in the hands of the Superintendent of Police, and does not *require* him to take any action with respect to any individual candidate once placed on the horizontal roster.  *See Teigen*, 511 F.3d at 1081 (finding that statutory provisions requiring promotions to be made based on "job-related knowledge, skills, abilities, competencies, behaviors, and quality of performance," did not limit discretion of state employer enough to give rise to protectable property right).

Therefore, the Court finds that paragraph eleven does not rise to the level of a federally protected property right in the promotion procedures it references. *See id.* Neither does it create a property right in the "fairness" of the promotion procedure as a whole. *See Kaminski*, 595 F. App'x at 126.

Accordingly, the Court dismisses Plaintiff's procedural due process claim with respect to the alleged violation of Plaintiff's right to "be fairly considered for promotion based on merit and fitness."[6] *See id.*

### b.  The Right to Appeal and Have a Hearing

Next, the Court considers Plaintiff's alleged protected property interest in the "right to appeal and have a hearing." (Compl. ¶ 152). Plaintiff fails to cite to any contractual provision, statute, or case law, establishing a right to "appeal and have a hearing" in Plaintiff's situation. Nevertheless, as indicated above, the Court concludes that the MOA sets forth the Port Authority Employment Relations Panel as the exclusive venue available to Plaintiff to contest alleged violations of PAPD's lieutenant promotional procedure. *See supra* Section III.A.

Even if the Court were to consider Plaintiff's ability to utilize the Port Authority Employment Relations Panel as a protected property interest, Plaintiff fails to allege that he was

---

[6] Plaintiff also claims he was deprived of his right to be fairly promoted based on merit and fitness because PAPD promoted numerous other candidates in violation of MOA provisions governing the promotion process. (Compl. ¶¶ 139-143). However, while an allegation that a procedural rule was unequally applied may be grounds for an equal protection claim, such an allegation does not support a procedural due process claim. *Beckett v. Dep't of Corr. of Del.*, 981 F. Supp. 319, 332 (D. Del. 1997). Accordingly, the Court dismisses Plaintiff's due process claim to the extent it alleges violation of Plaintiff's Constitutional rights based on PAPD's promotion of other candidates. *See id.*

Similarly, Plaintiff claims that he was deprived of his right to be fairly promoted because he was "denied access and/or review of his interview results, scores, or comparative results," despite the fact that other candidates had been informed of their results. (Compl. ¶¶ 127-129). However, because the basis of this claim is PAPD's unequal treatment of employees rather than its violation of a statute or "mutually explicit understanding," this allegation fails to support a due process violation claim as well. *See Beckett*, 981 F. Supp. at 332. Accordingly, the Court dismisses Plaintiff's due process claim to the extent it alleges a violation of Plaintiff's Constitutional rights based on PAPD's providing of test results and feedback to some candidates and not others. *See id.*

deprived of any opportunity to utilize this procedure.[7]  Indeed, as noted above, the Complaint does

not allege any attempt to utilize the Panel, and Plaintiff utterly ignores its existence in his

opposition brief.

Accordingly, the Court dismisses Plaintiff's procedural due process claim with respect to

the alleged violation of Plaintiff's right to "appeal and have a hearing."  *See Croom v. Wagner*,

No. 06-1431, 2006 WL 2619794, at *8 (E.D. Pa. Sept. 11, 2006) (dismissing due process claim

where, even assuming protected property interest in appeal had been established, plaintiff failed to

allege that he had been deprived of that interest).

### 2.  Substantive Due Process

Plaintiff also alleges a substantive due process claim based on the violation of the same

property interests discussed above.  (Compl. ¶¶ 148, 175).  In contrast to procedural due process,

substantive due process "protects individual liberty against certain government actions regardless

of the fairness of the procedures used to implement them."  *Beckett*, 981 F. Supp. at 331 (citing

*Washington v. Glucksberg*, 521 U.S. 702, 719 (1997)).  A property interest protected by the

substantive due process clause may not be taken away by the state for reasons that are "arbitrary,

irrational, or tainted by improper motive."  *Woodwind Estates, Ltd. v. Gretkowski*, 205 F.3d 118,

124 (3d Cir. 2000).

However, "for a property interest to be protected for purposes of substantive due process,

it must be 'fundamental' under the United States Constitution."  *Hill*, 455 F.3d at 235.  Because

state-law employment rights "bear[] little resemblance to the fundamental interests that previously

have been viewed as implicitly protected by the Constitution," courts generally refuse to find

---

[7] The Court reiterates that the first element of a due process claim requires Plaintiff to sufficiently allege
that (1) he possesses a protected property interest, and that (2) he was deprived of this property interest by
the defendant.  *See Eggert v. Bethea*, 2015 WL 5049823, at *2.

fundamental property rights in the employment contract context. *Nicholas*, 227 F.3d at 143 (citing *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229-30 (1985) (Powell, J., concurring)).

Here, as discussed above, each of Plaintiff's claimed property rights—the right to a fair promotional process and the right to bring a grievance for PAPD's violation of a promotion procedure—arise out of Plaintiff's employment agreements with PAPD and related New Jersey statutes.  Because such employment-related rights "bear little resemblance to the fundamental interests" which enjoy substantive due process protections, the Court cannot say that these rights are in fact "fundamental." *See McGovern v. City of Jersey City*, No. 98-5186, 2006 WL 42236, at *14 (D.N.J. Jan. 6, 2006).  Accordingly, the Court dismisses Plaintiff's substantive due process claims.  *See id.* (dismissing plaintiff's substantive due process claim "in connection with the issues of wage parity, pension, overtime, promotion to staff Sheriff's Sergeant position, and denial of transfer requests" because those rights were not deemed "fundamental" under Fourteenth Amendment).

## IV.    Conclusion

For the foregoing reasons, the Court dismisses Plaintiff's Complaint in its entirety without prejudice to his right to file an Amended Complaint.  An appropriate Order follows this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**